UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| FORESIGHT COAL SALES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>KENT CHANDLER, in his official capacity<br>as Chairman and Commissioner of the<br>Kentucky Public Service Commission, *et al.*,<br><br>    Defendants. | Case No. 3:21-cv-00016-GFVT<br><br>**ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on remand by the Sixth Circuit Court of Appeals. [R. 63.] For the following reasons, Plaintiff Foresight Coal is entitled to preliminary relief enjoining the Defendants from enforcing Senate Bill 257 against it.

Plaintiff Foresight Coal Sales, LLC, is a coal producer that sells coal produced in Illinois. [R. 19 at 2.] Foresight directly competes with companies that sell coal produced in Kentucky and other states through the submission of bids in response to requests for proposals from regulated utilities in Kentucky. *Id.* Kentucky's Public Service Commission "directly regulates the award of regulated utilities' coal supply contracts through its laws and regulations, including 807 Ky. Admin. Regs. 5:056, the Fuel Adjustment Clause." *Id.* Due to Kentucky's fuel adjustment clause, utilities may "adjust the rates they charge consumers, above or below the utilities' base rates, to account for these ever-fluctuating fuel costs." *Id.* at 8.

In 2021, the Kentucky Governor signed Senate Bill 257 into law. S.B. 257 requires the Commission to "evaluate the reasonableness of fuel costs in contracts and competing bids based on the cost of the fuel less any coal severance tax imposed by any jurisdiction." Ky. Rev. Stat.

Ann. § 278.277(1).  Simply put, Senate Bill 257 requires the Commission to artificially discount the price of Kentucky coal by 4.5% of the value of the coal upon extraction—the amount of Kentucky's severance tax.  Ky. Rev. Stat. Ann. § 143.020.

Foresight Coal sued the Commission members in their official capacities and sought a preliminary injunction to restrain the Defendants from enforcing S.B. 257.  [R. 1; R. 20.]  This Court denied Foresight Coal's motion for preliminary injunction, and Foresight Coal appealed.  [R. 36; R. 39.]  On appeal, the Sixth Circuit held that Foresight Coal is likely to succeed on the merits of its claim because S.B. 257 discriminates against out-of-state coal.  [R. 63 at 7.]  It then remanded the case for this Court to examine the other preliminary injunction factors.  [R. 63 at 18.]

A court balances four factors when considering a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."  *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 365-66 (6th Cir. 2022) (quoting *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (per curiam)).  The likelihood of success on the merits is often the determinative factor.  *Dahl v. Bd. of Trs. of W. Mich. Univ.*, 15 F.4th 728, 735 (6th Cir. 2021) (per curiam).

With a strong likelihood of success on the merits favoring Foresight Coal, the other three preliminary injunction factors favor Foresight Coal as well.  First, showing a substantial likelihood of success on the merits of a constitutional challenge establishes irreparable harm.  *See ACLU v. McCreary Cnty.*, 354 F.3d 438, 445 (6th Cir. 2003) ("[I]f it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated.").

Second, enjoining an unconstitutional law causes no substantial harm to others. *See Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001). Third, enjoining an unconstitutional law furthers the public interest. *See Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 568 (6th Cir. 1982) ("It is in the public interest not to perpetuate the unconstitutional application of a statute."). The Defendants do not dispute that these other preliminary injunction factors favor Foresight Coal. [R. 71 at 2 ("[T]he Defendants acknowledge that the Sixth Circuit's binding decision weighs in favor of entering a preliminary injunction.").] Consequently, the Court finds that all four factors weigh in favor of issuing a preliminary injunction. *See Union Home Mortg. Corp.*, 31 F.4th at 365-66.

Once a court determines that a party is entitled to injunctive relief, the court must decide the appropriate scope of the injunction. *See, e.g.*, *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018). Because it is an extraordinary remedy, an injunction "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 756 (1994) (cleaned up). Thus, an injunction must "redress the plaintiff's particular injury"—but go no further. *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018) (citation omitted).

Foresight Coal asks the Court to enjoin the Defendants from enforcing S.B. 257 generally. [R. 69 at 2.] Yet enjoining conduct against nonparties raises serious concerns. By enjoining all enforcement of S.B. 257, the Court may deprive other courts of a wider range of perspectives. *United States v. Mendoza*, 464 U.S. 154, 160 (1984) (holding that allowing nonmutual collateral estoppel against the government would "substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue"); *Arizona v. Evans*, 514 U.S. 1, 23 n.1 (1995) (Ginsburg, J., dissenting)

3

("We have in many instances recognized that when frontier legal problems are presented, periods of 'percolation' in, and diverse opinions from, state and federal appellate courts may yield a better informed and more enduring final pronouncement by this Court."). In addition, such an injunction deprives nonparties of the opportunity to participate in the case and argue for more limited relief. *See Azar*, 911 F.3d at 583 (noting that "these collateral consequences are not minimal"). Lastly, injunctions operative against nonparties encourage litigants to forum-shop to attain these broad effects. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring) (opining that universal injunctions "prevent[] legal questions from percolating through the federal courts, encourag[e] forum shopping, and mak[e] every case a national emergency for the courts and for the Executive Branch."). Here, the Court finds that an injunction applicable to the parties only will be no more burdensome to the Defendants than necessary to provide complete relief to Foresight Coal. *See Madsen*, 512 U.S. at 756.

The Court therefore finds that Foresight Coal is entitled to preliminary injunctive relief. However, the scope of the injunction will be limited to the parties before the Court. And because the case "involves constitutional issues affecting the public," the Court will not require Foresight Coal to post security as a condition of obtaining the injunction. *McLemore v. Gumucio*, No. 3:19-cv-00530, 2019 U.S. Dist. LEXIS 122525, at *42 (M.D. Tenn. July 23, 2019) (quotation omitted). Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Foresight Coal Sales, LLC's Motion for Preliminary Injunction [**R. 20**] is **GRANTED** and

2. Pursuant to Federal Rule of Civil Procedure 65, and for the reasons above, the Defendants are hereby preliminarily **ENJOINED** from enforcing Senate Bill 257,

4

codified as Ky. Rev. Stat. Ann. § 278.277, against Plaintiff Foresight Coal Sales pending further order of the Court.

This the 13th day of April, 2023.

Gregory F. Van Tatenhove
United States District Judge